IN THE UNITED STATES DISTRICT COURT
FOR THE
MIDDLE DISTRICT OF PENNSYLVANIA

WILLIAM CLELAND, :
:
    Petitioner, : CIVIL NO. 3:CV-09-2110
:
  v. :
:
: (Judge Vanaskie)
STATE OF INDIANA PAROLE BOARD, :
et al., :
:
    Respondents. :

## MEMORANDUM

### Background

William Cleland, an inmate presently confined at the State Correctional Institution, Frackville, Pennsylvania (SCI-Frackville), filed pro se this habeas corpus proceeding pursuant to 28 U.S.C. § 2254. The required filing fee has been paid. For the reasons outlined below, Cleland's action will be transferred to the United States District Court for the Southern District of Indiana.

Named as Respondents are the State of Indiana Parole Board, the Attorney General for the State of Indiana, the Commonwealth of Pennsylvania Parole Board, and SCI-Frackville Superintendent Wenerowicz. Petitioner states that he has "been incarcerated on interstate

parole detainer since 9/9/09."[1]  (Dkt. Entry # 1 at 2, ¶ 2.)   Cleland challenges the legality of the State of Indiana detainer on multiple grounds, including arguments that he was not afforded proper notice, advised of his right to counsel, and allowed to contest his parole revocation in person.  He adds that the State of Indiana "refuses to give notice of decision and refuses to extradite petitioner." (Id. at 4 ¶ 9.)  As a result, Cleland concludes that his ongoing detention is in violation of his due process rights.  Petitioner's pending action asks that he be released from custody.

Discussion

In Braden v. 30th Judicial Circuit Court of Kentucky, 410 U.S. 484, 498-99 (1973), the Court held that a petitioner challenging the validity of a detainer lodged by a state other than the state where the petitioner is confined may be brought, not in the jurisdiction in which the inmate's current custodian is found, but in the jurisdiction in which the state official lodging the detainer is located.  The Court also held that where, as here, a prisoner brings a habeas corpus proceeding in the district of confinement attacking a detainer lodged by another state, the court in the district of confinement may transfer the suit to a more convenient forum, i.e., the district where the action giving rise to the detainer occurred.  Id. at 499 n.15.

---

[1] The Petition does not include any facts stating that his current incarceration is the result of any Pennsylvania state sentence or parole revocation.

2

Although this Court may have concurrent jurisdiction over the challenge to the Indiana detainer, it is evident that Petitioner's claims are best adjudicated in Indiana. Because the Indiana State Parole Board maintains an office in Indianapolis, which is located within the borders of the United States District Court for the Southern District of Indiana, it appears that the Southern District of Indiana is the most appropriate forum within which to attack the legality of a detainer issued by the State of Indiana and also to answer the question of whether Cleland has exhausted any remedies available to him under Indiana state law. Consequently, this matter will be transferred to the United States District Court for the Southern District of Indiana pursuant to 28 U.S.C. § 1404(a) . An appropriate Order will enter.

    s/ Thomas I. Vanaskie  
    Thomas I. Vanaskie  
    United States District Judge

IN THE UNITED STATES DISTRICT COURT
FOR THE
MIDDLE DISTRICT OF PENNSYLVANIA

WILLIAM CLELAND, :
    Petitioner, : CIVIL NO. 3:CV-09-2110
:
  v. :
: (Judge Vanaskie)
STATE OF INDIANA PAROLE BOARD,
et al., :
    Respondents. :

## ORDER

NOW, THIS 7th DAY OF DECEMBER, 2009, for the reasons set forth in the accompanying Memorandum, IT IS HEREBY ORDERED THAT:

1. The Clerk of Court is directed to TRANSFER this action to the United States District Court for the Southern District of Indiana.

2. The Clerk of Court is directed to mark this case in this Court CLOSED.

                                      s/ Thomas I. Vanaskie
                                      Thomas I. Vanaskie
                                      United States District Judge